# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

SHANNON M. BLICK, an individual,

      Plaintiff,

                                  Case No.

v.

                                  Hon.

ANN ARBOR PUBLIC SCHOOL DISTRICT,
a municipal corporation, ANN ARBOR BOARD
OF EDUCATION, a public body, SHONTA A.
LANGFORD, individually and in her official
capacity, DAWN LINDEN, individually and in
her official capacity, DAVID A. COMSA,
individually and in his official capacity, JEANICE
KERR SWIFT, individually and in her official
capacity, TANEIA GILES, individually and in her
official capacity, and MIKE MADISON, individually
and in his official capacity,

      Defendants, jointly and severally.

_____/

TISHKOFF PLC
By: William G. Tishkoff (P45165)
And: Christopher M. Vukelich (P76420)
And: Brooke N. Mathis (P82336)
Attorneys for Plaintiff
407 North Main Street
Ann Arbor, MI 48104
(734) 663-4077
will@tish.law
chris@tish.law
brooke@tish.law

_____/

## COMPLAINT AND JURY DEMAND

    NOW COMES Plaintiff Shannon M. Blick, by her attorneys, Tishkoff PLC,

and states for her complaint against Defendants Ann Arbor Public School District, Ann Arbor Board of Education, Shonta A. Langford, Dawn Linden, David A. Comsa, Jeanice Kerr Swift, Taneia Giles and Michael Madison (collectively, the "Defendants"):

## PARTIES

1.     Plaintiff Shannon M. Blick is an individual residing in the City of Ann Arbor, County of Washtenaw, State of Michigan.

2.     Defendant Ann Arbor Public School District ("AAPSD") is a general powers school district organized under the laws of the State of Michigan, a municipal corporation, and located in the City of Ann Arbor, County of Washtenaw, State of Michigan.

3.     Defendant Ann Arbor Board of Education ("AABOE") is a local public body that controls, operates, administers and governs the AAPSD and the AAPSD schools located in the City of Ann Arbor, County of Washtenaw, State of Michigan.

4.     Defendant Shonta A. Langford ("Langford") is an individual and the Executive Director of Human Resources and Employee Relations for AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

5.      Defendant Dawn Linden ("Linden") is an individual and the Executive Director of Elementary Education for AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

6.      Defendant David A. Comsa ("Comsa") is an individual and the Deputy Superintendent for Human Resources for AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

7.      Defendant Jeanice Kerr Swift ("Swift") is an individual and the Superintendent of Schools for AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

8.      Defendant Taneia Giles ("Giles") is an individual and the Assistant Principal of Lawton Elementary School ("Lawton"), an elementary school within AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

9.      Defendant Mike Madison ("Madison") is an individual and the Principal of Dicken Elementary School, an elementary school within the AAPSD, and works in the City of Ann Arbor, County of Washtenaw, State of Michigan.

10.      In addition to his above roles, Madison served as the President of the Ann Arbor Administrator's Association ("AAAA") until his resignation on June 30, 2019.

## JURSIDICTION AND VENUE

3

11.     This is an action for the deprivation of Ms. Blick's rights under the United States Constitution arising out of Ms. Blick's employment with AAPSD and the AABOE, and seeks relief, including, monetary damages, under the 1st, 13th and 14th Amendments to the United States Constitution, and for racial discrimination in violation of the Elliot Larsen Civil Rights Act, MCL 37.280, *et seq.* ("ELCRA").

12.     This Court has federal question jurisdiction over Ms. Blick's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) and 42 U.S.C. § 1983.

13.     This Court has supplemental jurisdiction over Ms. Blick's ELCRA and other state law claims pursuant to 28 U.S.C. § 1367 because Ms. Blick's ELCRA claims are so related to her other claims in the above-captioned matter that they form part of the same case or controversy under Article III of the United States Constitution.

14.     This Court has jurisdiction to grant injunctive and equitable relief, as well as monetary damages, pursuant to 29 U.S.C. § 626(c).

15.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the subject claims occurred in the judicial district of this Court.

16.     Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' contacts in the judicial district of this Court are sufficient to

subject Defendants to this Court's personal jurisdiction and, therefore, Defendants are deemed to reside in the judicial district of this Court pursuant to 28 U.S.C. § 1931(c)(2).

## GENERAL ALLEGATIONS

17.     Ms. Blick is a thirty-nine (39) year old, Caucasian female; she is also a wife and mother of three (3) children.

18.     Ms. Blick graduated in 1997 from Wayne-Westland's John Glenn High School.

19.     Ms. Blick received her Bachelor of Science Degree in Elementary Education from Eastern Michigan University in 2003.

20.     Ms. Blick earned her Master's Degree in Reading and Literacy from Walden University in 2007.

21.     Ms. Blick received her Reading Recovery Certification from Oakland University in 2007.

22.     Ms. Blick received her Education Specialist Degree from Eastern Michigan University in 2008.

23.     AAPSD has nineteen (19) elementary schools within its district, including Lawton Elementary School ("Lawton").

24.     Ms. Blick began her employment with AAPSD and AABOE as Principal of Lawton on September 16, 2013.

25.     Since her above hire by AAPSD and AABOE, Ms. Blick served as the Principal at Lawton.

26.     Throughout her employment with AAPSD and AABOE, approximately six (6) years, Ms. Blick maintained an exemplary employment record.

27.     However, Ms. Blick was treated disparately, harassed, berated, lied to, humiliated, intimated, threatened and ultimately suspended without notice or cause and constructively terminated on April 26, 2019 because of her Caucasian race and because Giles, an African American, coveted Ms. Blick's position as Principal of Lawton.

28.     The above conduct is consistent with AAPSD and AABOE's notoriety for inhibiting and stepping on the civil rights of Caucasian and non-minority administrators when African American and minority administrators covet Caucasian and non-minority administrators' legitimately earned and obtained positions, seniority, pay, jobs or duties.

29.     AAPSD, acting in concert and combination, with the AAAA, AABOE and various individuals, has a history of harboring, and acting on, racial animus towards Caucasians and non-minority individuals.

30.     In furtherance of the above racial animus, AAPSD, AABOE and their officials, supervisors and agents – including Swift, Langford, Linden, Madison and

6

Comsa –maintain a custom, policy and practice of: treating Caucasian and non-minority administrators disparately and less favorably than similarly situated African-American and minority administrators; subjecting Caucasian and non-minority administrators to hostility and harassment in the workplace based on their race;  accelerating the promotion and advancement of African-American and minority administrators at the expense, and to the detriment, of Caucasian and non-minority administrators; instituting purported "Corrective Action" against Caucasian and non-minority administrators for conduct that is also engaged in by African-American and minority administrators but without implementation of Corrective Action and without fear of substantive discipline; declining, and refusing, to  reasonably and properly investigate, and take remedial action for, "reverse discrimination" workplace complaints and reports by Caucasian and non-minority administrators; failing to reasonably investigate or remedy discriminatory and hostile work environments at Lawton and other AAPSD elementary schools based on racial animus towards Caucasians and non-minorities; failing to reasonably or adequately educate or train employees, supervisors, managers, staff, administrators, and teachers in responding to, investigating, and remedying discriminatory and hostile work environments at AAPSD elementary schools based on animus towards Caucasians and non-minorities; creating, tolerating, acquiesced in, supporting and furthering the disparate treatment and hostile work environment

directed at AAPSD administrators because of their Caucasian and non-minority race or ethnicity by the related actions and omissions of AAPSD, AABOE and their officials with final decision-making authority.

31.     From the commencement of Ms. Blick's assumption of her duties as Lawton's Principal in September 2013 through the present, Ms. Blick was consistently rated Highly Effective as Lawton's Principal,

32.     From the commencement of Ms. Blick's assumption of her duties as Lawton's Principal in September 2013 through end of the 2018 public school summer break, Ms. Blick had a spotless and pristine employment record with AAPSD, including the complete absence of any warnings, disciplines, suspensions, complaints, write-ups, grievances, charges or negative employment actions of any type.

33.     In August 2018, Ms. Blick was contacted by her supervisor, Linden, and informed that Ms. Blick's Assistant Principal for the 2016-2017, 2017-2018 school years, Dante Watson, an African American, was being promoted to Principal of Haisley Elementary and that Giles would be replacing him as the Assistant Principal of Lawton.

34.     Giles previously was a teacher in Birmingham, Michigan; she recently joined the AAPSD in March 2018 as the Assistant Principal of King Elementary.

35.     Linden stated to Ms. Blick that, while Giles was Assistant Principal of King Elementary, Giles reported to Linden that Giles observed "inequitable practices" by King Elementary Staff; in a meeting at a later date, Giles became agitated and stated that she was offended while she was King Elementary Assistant Principal to a King Elementary Teacher's lesson on slavery and racism today.

36.     Linden further stated to Ms. Blick that it was a priority of the AAPSD and AABOE to hire and retain minority leaders, and she was concerned that AAPSD and AABOE might lose Giles because of what Giles claimed to have observed at King Elementary.

37.     Although standard routine and procedure required the parents, Teachers, and Principal of Lawton and its community to engage in rounds of interviews to select a replacement Assistant Principal for Lawton, Giles was selected as the replacement for Lawton Assistant Principal Dante Watson without any interviews or input from the Lawton community, Teachers or Ms. Blick because, as Linden indicated, Giles reported racism at King Elementary and AAPSD and AABOE were afraid they might lose a minority administrator.

38.     April 17, 2019, Madison, an African-American, attended a get-together of AAPSD Principals at Ms. Blick's home and cryptically announced to Ms. Blick and her husband that Ms. Blick, "need[s] to go on a medical leave until

the end of the school year and come back in August and hide out as an Assistant

Principal at a middle school until the dust settles."

39.     Madison's explanation at the above get-together for making the above

statement was that he talked to Langford and, "They are investigating you over

Willie Johnson [Custodian at Lawton] and they have something on you."

40.     On April 26, 2019, in response to Linden's email request the day

before, Ms. Blick met with Langford and Linden at Lawton and was handed a

letter by Langford that stated:

> [Y]ou are being placed on an administrative paid leave of absence
> effective immediately… *** In the meantime, you are directed not to
> contact any students, parents, or staff regarding this matter.
>
> Pursuant to MCL 750.552 you are also directed not to enter onto
> District buildings or property, with the exception of matters that
> involve your children (ie. (sic) Transporting to/from school and
> special events) (sic) You will be notified by Human Resources
> regarding a date for your due process hearing as part of the
> investigation.
>
> It is expected that you fill follow the directives outlined in this letter
> as failure to do so will be treated as insubordination and will lead to
> discipline up to and including termination.

41.     On April 28, 2019, Madison informed Ms. Blick that he was in direct

communication with Langford/AAPSD Human Resources ("HRS"), HRS ran a

report and determined that Willy Johnson "stole $25,000 over 4 years" and Ms.

Blick is responsible.

42.     The next day, April 29, 2019, Madison texted Ms. Blick, stating that

he talked to Langford and:

> We need to craft a formal administrative resignation letter effective
> June 30th requesting returning to classroom and submit to HRS.  Once
> they receive the letter/email, they will stop termination.

43.     On April 30, 2019, Madison texted Ms. Blick and indicated that he

had just spoken with Langford/HRS and:

> Dr. Swift is 100% aware of your situation and supports HRS
> direction.  HRS needs your letter of resignation effective June 30th,
> 2019 to stop their investigation of the allegations you are facing as
> soon as possible.  Now for the hard part, if you request to come back
> as a teacher, the investigation will still continue for you would still be
> an employee of the district. Thus it looks like it might be better if you
> spend this time on Administrative Leave to look for administrative or
> teaching jobs outside of Ann Arbor.  It appears HRS has a strong case
> against you for termination.  If that happens, you won't get any
> administrative or teaching job anywhere in Michigan and criminal
> charges could also occur.

44.     After receiving the above text from Madison, at approximately 7:15

PM on April 30, 2019, without any warning or advance notice, AAPSD/AABOE

shut down Ms. Blick's access to her work email.

45.     At 7:26 PM on April 30, 2019, Madison texted Ms. Blick, writing

that:

> I was told by Dawn that you are on administrative leave and not to
> email staff or parents.  Tomorrow Dawn will meet with your staff and
> inform them of your leave to spend more time with you family.  A
> letter will be sent to Lawton community shortly afterwards.

46.     At approximately 8:30 PM on April 30, 2019, Madison called Ms. Blick, enraged, and screamed at Ms. Blick that he just talked to Langford and she was furious because Ms. Blick sent a text earlier that day to AAPSD Tech Support asking if there was a problem with account log-in credentials when her email mysteriously turned off (Ms. Blick did not receive a prior notice or warning from AAPSD when her work email stopped); Madison said that Langford called him and was yelling at him because Ms. Blick contacted an AAPSD employee and that Ms. Blick was prohibited from contacting anyone at AAPSD for any reason while she was on administrative leave.

47.     Madison then stated to Ms. Blick that, "They have you bent over a barrel and you just have to take it."

48.     On May 1, 2019, at approximately 4:15 PM, Linden met with the Teachers and Staff at Lawton and informed them that Ms. Blick is on leave and they are not to contact Ms. Blick in any way, including by text, email or phone.

49.     At 6:00 PM on May 1, 2019, without prior notice or consultation with Ms. Blick, Linden emailed the "Lawton Community" – including parents of Lawton students – a letter from AAPSD by Linden, as Executive Director, Elementary Education, stating, in pertinent part:

> I am writing to share that our principal, Ms. Blick, will be on a leave of absence.  While we cannot share personnel information with you, we want to reassure you that Lawton is deeply important to Ms. Blick

and to us.  During this time, she asks that you please respect her privacy.  ***

The duration of Ms. Blick's leave is not known at this time and we know that you will likely have questions.  Within the bounds of personnel protected matters, we will keep you informed and certainly understand that these changes can cause concern for many people.

50.    Linden's above statement that "During this time, [Ms. Blick] asks that you please respect her privacy," is false.

51.    On May 6, 2019, Linden emailed Ms. Blick and directed her to, "meet with Shonta and me on Tuesday, May 7th at 11:30am in the HR conference room. This is a follow up interview to the ongoing investigation."

52.    On May 7, 2019, as directed, Ms. Blick appeared at the HRS conference room in AAPSD Central Administration and met with Lanford and Linden, with Jason Skibba, the Ann Arbor Administrators Association Interim President, also in attendance.

53.    At the May 7, 2019 meeting directed by Langford and Linden, Langford viciously slandered and defamed Ms. Blick to Linden and Mr. Skibba, making outrageous, humiliating, inhumane and patently false accusations regarding Ms. Blick's conduct, purportedly on and off work premises.

54.    Langford indicated to Ms. Blick, Linden and Mr. Skibba that her source for the above false, slanderous and defamatory statements included the

13

subject matter of interactions between Ms. Blick and Giles, which subject matter was clearly biased, misrepresented and fabricated.

55.     Linden proceeded to inform Ms. Blick that, at the bi-weekly AABOE Public Meeting scheduled for May 8, 2019, a group of Lawton parents were planning to attend and to speak publicly on behalf of Ms. Blick.

56.     Linden warned Ms. Blick that, if the above group of Lawton parents did in fact attend the bi-weekly AABOE Public Meeting scheduled for May 8, 2019 and spoke publicly on behalf of Ms. Blick, this would be matter of public concern and "a reporter from MLive that is regularly in attendance would FOIA Ms. Blick's personnel file," which would contain the above outrageous, humiliating, inhumane and patently false accusations regarding Ms. Blick's conduct, purportedly on and off work premises, and Ms. Blick would be destroyed by the ensuing article and online publication by the MLive reporter.

57.     Linden asked Ms. Blick to contact Maureen Westfall (the parent of a Lawton student) whom Langford and Linden stated was "leading the charge," and to request to Ms. Westfall that Ms. Westfall not attend the bi-weekly AABOE Public Meeting scheduled for May 8, 2019, and also request to Ms. Westfall that Ms. Westfall communicate or speak with any other Lawton student parents that were planning on attending the bi-weekly AABOE Public Meeting scheduled for May 8, 2019 and ask them not to attend.

58.     Linden then pulled up on her laptop computer the names of fourteen Lawton student parents, in addition to Ms. Westfall, and directed Ms. Blick to contact each of these families and tell them that attending and the AABOE Public Meeting scheduled for May 8, 2019 and speaking on behalf of, or supporting Ms. Blick publicly at the meeting was not helpful, and that Ms. Blick would appreciate it if they did not attend the AABOE Public Meeting scheduled for May 8, 2019.

59.     Linden proceeded to read to each of the full names of the above Lawton student parents that Ms. Blick was directed to contact to ask them not to attend the AABOE Public Meeting scheduled for May 8, 2019, so that Ms. Blick could write each of their names down.

60.     Langford's and Linden's humiliation and attacks on Ms. Blick, and their threats directed at Ms. Blick to stop Lawton student parents from attending or speaking at the AABOE Public Meeting scheduled for May 8, 2019, were so extreme that they caused Ms. Blick to be in severe emotional distress, she was hyperventilating, crying and in emotional turmoil, such that the meeting repeatedly had to be halted so that Ms. Blick could try to breathe and drink water.

61.     After leaving the meeting, in utter humiliation and sheer terror from Langford's and Linden's threats, Ms. Blick proceeded as they demanded, contacted Lawton student parent, Ms. Westfall, asked her please not to go to the AABOE Public Meeting scheduled for May 8, 2019, and asked her to please also contact the

other Lawton student parents and ask them not to go to the meeting, whereupon

Ms. Westfall broke down in tears and said she would carry out these requests.

62.     Ms. Blick then promptly texted Linden at 3:14 PM on May 7, 2019

and confirmed that Ms. Blick personally did Langford and Linden's above bidding.

63.     Ms. Blick also included in the above text to Linden that:

> I would also like to volunteer/commit to a polygraph test regarding
> the allegations that were shared. My family and myself are incredibly
> hurt, but will continue to attempt to stay strong.

64.     The next day, May 8, 2019, at Lawton, Giles directed Ms. Blick's ten-

year-old daughter's teacher to inform and direct Ms. Blick's ten-year-old daughter

to cease accompanying her friend who was recovering from surgery; Giles stated

that, "Ms. Blick's kids needed to be integrated and not receive the perks of having

their Mom at school."

65.     The next day, May 9, 2019, Ms. Blick and her husband met with

Linden and Dotti Davis at AAPSD Central Administration to discuss Ms. Blick's

daughter feelings in response to the above direction by Giles.

66.     On May 16, 2019, Swift replied to Madison's email to Swift and

AAPSD Deputy Superintendent LeeAnn Dickinson, declining the requested

meeting.

67.     The next day, May 17, 2019, at 9:54 AM, Comsa replied to Swift,

stating, in pertinent part:

Without breaching the attorney client (sic) privilege, rest assured my office updates Dr. Swift, as needed, on personnel matters. *** I disagree with your characterization that this matter is " dragging on", (sic) there will be no rush to judgment in this matter, and to suggest that a certain time frame should be imposed to ascertain the truth is no acceptable.

68. On May 17, 2019, within four hours of the above email from Comas to Swift, Langford called Ms. Blick and stated that she wanted Ms. Blick to know that, a week earlier, while Ms. Blick was suspended, Giles reported to HRS that Ms. Blick purportedly retaliated against Giles on May 9, 2019; Langford did not provide any explanation, detail or other information regarding what the purported retaliation consisted of.

69. Ms. Blick has three (3) children who attend Lawton, and since April 26, 2019, Ms. Blick has been unable to freely associate with her children's teachers and administrators, or other parents in AAPSD.

70. From April 26, 2019 through the date of this complaint, July 20, 2019, Ms. Blick has been prohibited from appearing on AAPSD property, whether for work, personal connections, or attend to her children at their school.

71. Ms. Blick has also been prohibited, under threat of discharge, from attending: public school board meetings; teacher training; committee meetings, which she would normally attend; meetings with parents of Lawton students; special events involving Lawton students; and multiple other events and doings

which would have positively affected her position as Principal of Lawton, a member of the community and a parent of students at Lawton.

72. In particular, and without limitation, Ms. Blick was not allowed to attend the Lawton 5th grade graduation ceremony which occurred in early June 2019, a ceremony which multiple students at Lawton, and their parents, requested that Ms. Blick attend, and at which event Ms. Blick's son was singing at.

73. At no point, either before Ms. Blick's suspension or during the three (3) months following the suspension, was Ms. Blick given notice of a basis, whether legal, procedural or otherwise, for Blick's suspension; nor was Ms. Blick provided or allowed a hearing to contest her suspension, address grounds for her suspension, if any, or to refute any allegations against her.

74. Defendants' above conduct and omissions caused Ms. Blick significant damages and injuries in excess of $5,000,000, including economic loss, extreme emotional distress and damage to business reputation.

## COUNT I

### 42 U.S.C. § 1983 – RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE

75. Ms. Blick incorporates herein her above allegations.

76. The above actions by Defendants were taken under color of state law.

77. Ms. Blick is a 39-year-old, Caucasian female, and a member of a protected class within the meaning of 42 U.S.C. § 1983 and the Equal Protection

18

Clause of the Fourteenth Amendment to the United States Constitution ("EPC").

78.     Beginning in August 2018, Ms. Blick was subject to hostile, harsh and demeaning conducted directed at her because she is Caucasian, as described above, including, without limitation, retaliation for opposition to Defendants' continue maintenance of their racial animus toward, and racial discrimination against, Caucasian and non-minority administrators with AAPSD and AABOE.

79.     The above conduct was based on Ms. Blick's race.

80.     Defendants acted on their racial animus and, acting in combination, concert and conspiracy with AAAA and its members, *inter alia*, suspended Ms. Blick and placed her on administrative leave on April 26, 2019, constructively terminating Ms. Blick's employment with AAPSD and AABOE.

81.     Defendants' disparate treatment of Ms. Blick in comparison to other similarly situated African American or minority administrators is based on Defendants racial animus towards Caucasians and non-minorities, and constitutes a deprivation of Ms. Blick's right to equal protection of the law as guaranteed by the EPC.

82.     Defendants' deprivation of Ms. Blick's constitutional rights stems from Defendants' policies and customs that maintained, promoted, perpetuated, tolerated and allowed racial discrimination, including, but not limited to:

>        A.      Failing to have adequate training and supervision necessary to
>                prevent racial discrimination toward Caucasian employees;

19

     B.    Individuals with final decision-making authority (i.e. policymakers), took actions that failed to, in any way, prevent or remediate racial discrimination against Caucasian employees; and

     C.    Individuals in supervisory roles had a custom of tolerance or acquiescence for racial discrimination against Caucasian employees, some of whom permitted ongoing violations of Ms. Blick's above-referenced rights.

83.    Langford, Linden, Comsa and Madison's above conduct directly participated in, and encouraged, the specific instances of racial discrimination that Ms. Blick suffered and/or they participated in the above by authorizing, approving, and knowingly acquiescing in the unconstitutional conduct of Ms. Blick's coworkers.

84.    In connection with the above, Langford, Linden, Comsa and Madison were acting in their individual capacities and for their individual interests, under color of state law, as well as in their official capacities.

85.    Defendants' above conduct deprived Ms. Blick of her constitutional rights, including equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

86.    As a direct and proximate result of Defendants' above-described acts, omissions and conduct, Ms. Blick sustained injuries and damages, including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme

emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

## COUNT II

## 42 U.S.C. § 1983 – FREEDOM OF SPEECH

87.     Ms. Blick incorporates herein her above allegations.

88.     Ms. Blick's aforementioned rights to: engage in free exercise of speech on issues of public concern by filing suit in a court of law; attend school board meeting and voice her opinions on matters of public concern on public property; be free from compulsion to speak a particular message; speak to anyone connected with AAPSD, and AABOE including parents, that they would like to; and file and pursue requests for information touching on matters of public concern from AAPSD and AABOE under Michigan's Freedom of Information Act, MCL 15.231 *et seq.* ("MFOIA"), without suffering intimidation, threats and acts of humiliation, are constitutionally protected.

89.     At all times material hereto, it was clearly established that violating these rights was constitutionally impermissible.

90.     Acting under color of law, Langford, Giles, Linden, Comsa and

Madison promulgated and carried out the official policies, orders and directives described above to deter Ms. Blick from engaging in proper protected speech.

91.     Langford, Giles, Linden, Comsa and Madison did so intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of Ms. Blick, including the fundamental right to freedom of speech, arising out of the First Amendment to the United States Constitution.

92.     By promulgating and carrying out the policies, orders and directives described above, Langford, Giles, Linden, Comsa and Madison have unlawfully violated Ms. Blick's constitutional rights.

93.     As a direct and proximate result of Defendants' above described acts, omissions and conduct, Ms. Blick has sustained injuries and damages including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

## COUNT III

22

## 42 U.S.C. § 1983 – <u>FREEDOM TO PETITION</u>

94.   Ms. Blick incorporates herein her above allegations.

95.   Ms. Blick's aforementioned rights to engage in free exercise of speech on issues of public concern by filing suit in a court of law.

96.   At all times material hereto, it was clearly established that violating these rights was constitutionally impermissible.

97.   Acting under color of law, Langford, Giles, Linden, Comsa and Madison promulgated and carried out the official policies, orders and directives described above to deter Ms. Blick from engaging in proper protected petition.

98.   Langford, Giles, Linden, Comsa and Madison did so intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of Ms. Blick, including the fundamental right to freedom to petition, arising out of the First Amendment of the United States Constitution.

99.   By promulgating and carrying out the policies, orders and directives described above, Langford, Giles, Linden, Comsa and Madison have unlawfully violated Ms. Blick's constitutional rights.

100.   As a direct and proximate result of Defendants' above described acts, omissions and conduct, Ms. Blick has sustained injuries and damages including, but not limited to: lost wages and income, past and future; lost benefits, past and

future; loss of job and career opportunities; loss of earning capacity; extreme

emotional distress, humiliation and mortification; psychiatric and physiological

injury, and permanent mental disturbance; loss of reputation and esteem in the

community, damages to personal reputation, and damage to business reputation;

loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability

to pursue employment of choice.

## COUNT IV

## 42 U.S.C. § 1983 – FREEDOM OF ASSOCIATION

101.   Ms. Blick incorporates herein her above allegations.

102.   Ms. Blick's aforementioned rights to attend school board meetings

and voice her opinions on matters of public concern on public property and to

speak freely with members of the AAPSD community is constitutionally protected.

103.   At all times material hereto, it was clearly established that violating

these rights was constitutionally impermissible.

104.   Acting under color of law, Langford, Giles, Linden, Comsa and

Madison promulgated and carried out the official policies, orders and directives

described above to deter Ms. Blick from engaging in proper protected association.

105.   Langford, Giles, Linden, Comsa and Madison did so intentionally and

deliberately, with wanton and reckless disregard for the civil and constitutional

rights, privileges and sensibilities of Ms. Blick, including the fundamental right to

freedom of association, arising out of the First Amendment of the United States Constitution.

106.   By promulgating and carrying out the policies, orders and directives described above, Langford, Giles, Linden, Comsa and Madison have unlawfully violated Ms. Blick's constitutional rights.

107.   As a direct and proximate result of Defendants' above described acts, omissions and conduct, Ms. Blick has sustained injuries and damages including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

## COUNT V

## 42 U.S.C. § 1983 – DUE PROCESS

108.   Ms. Blick incorporates herein her above allegations.

109.   Ms. Blick has a property interest in her position as Principal at Lawton based upon state law, including but limited to, the Michigan Teacher Tenure Act,  MCL 38.71 *et seq*. ("MTTA").

110.   Ms. Blick enjoyed a constitutionally protected property interest in her job as Principal of Lawton.

111.   Ms. Blick enjoyed a constitutionally protected liberty interest in pursuing current and future employment and maintaining her reputation and privacy.

112.   Ms. Blick also enjoyed a constitutionally protected liberty interest in her privacy and reputation.

113.   At all times hereto, it was clearly established that violating Ms. Blick's above rights and interests was constitutionally impermissible.

114.   Acting under color of law, Defendants promulgated and carried out the official policies, orders and directives described above intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of Ms. Blick, including the fundamental right to due process arising out of the Fourteenth Amendment to the United States Constitution.

115.   Defendants, acting under color of law and pursuant to their respective authorities as described above, treated Ms. Blick with extreme hostility and cruelty, and on April 26, 2019, suspended, placed and administrative leave, removed Ms. Blick as Principal of Lawton effective immediately, and constructively terminated Ms. Blick.

116.   Prior to being suspended, placed on administrative leave and then disciplined, Ms. Blick was entitled to process commensurate with the seriousness of the disparate treatment, and the seriousness of the allegations and potential discipline, sanctions and repercussions, Ms. Blick was facing.

117.   Ms. Blick was entitled to fundamentally fair procedures to determine the basis of her suspension and whether a racial animus existed that required certain protections be put in place to allow Ms. Blick to perform her job as Principal of Lawton, and to protect her reputation and privacy.

118.   At or around the time of Ms. Blick's suspension, Defendants and agents of Defendants publicly leveled the above-referenced representations and allegations against Ms. Blick regarding her morality, private life and reputation, which stigmatized Ms. Blick and severely damaged her opportunity for future employment.

119.   Defendants' representations and allegations were false.

120.   Defendants' representations and allegations humiliated and defamed Ms. Blick in violation of her privacy and reputational liberty interests.

121.   Said representations and allegations were widely publicized.

122.   Ms. Blick was not allowed to confront, much less cross examine, her Defendants nor the individuals under Defendants' control who made the above representations or allegations, or to have a third-party do so.

27

123.   Ms. Blick was denied a prompt, thorough and impartial investigation of the above representations and allegations on several occasions.

124.   Ms. Blick work reputation was tarnished by Defendants and she was not afforded a meaningful name clearing hearing or opportunity.

125.   The denial to Ms. Blick of a timely hearing on her suspension was arbitrary or capricious in violation of MTTA and the 14th Amendment to the United States Constitution.

126.   Defendants' actions invaded Ms. Blick's constitutionally protected liberty and property interests in an arbitrary, capricious and irrational manner.

127.   Defendants acted with deliberate indifference to Ms. Blick's race-based disparate treatment and Ms. Blick's presumed and actual innocence.

128.   At all times hereto, Ms. Blick had a clearly established the right to due process of law of which a reasonable public official would have known.

129.   Nevertheless, Ms. Blick was treated with extreme hostility and cruelty, and was disciplined, suspended and sanctioned by Defendants, depriving Ms. Blick of her property and liberty interests, without being afforded basic due process.

130.   Before depriving Ms. Blick of her constitutionally protected property and liberty interests, Defendants did not conduct a hearing or investigation into the grounds for her discipline and suspension.

131.   Defendants' actions of depriving Ms. Blick of her constitutionally protected property and liberty interests, without a hearing or investigation of the grounds for her discipline and suspension, abridged her right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

132.   Defendants' actions invaded Ms. Blick's constitutionally protected liberty and property interests in an arbitrary, capricious and irrational manner.

133.   By promulgating and carrying out the policies, orders, and directives described above, Defendants unlawfully violated Ms. Blick's constitutional rights.

134.   As a direct and proximate result of Defendants' above described acts, omissions and conduct, Ms. Blick has sustained injuries and damages including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

### COUNT VI

### RACE DISCRIMINATION IN VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT, MCL 37.2101, *et seq.*

135.   Ms. Blick incorporates herein her above allegations.

29

136. Ms. Blick was an employee of AAPSD and AABOE, and AAPSD and AABOE are Ms. Blick's employer within the meaning of ELCRA.

137. Langford, Giles, Linden, Madison and Comsa are agents of AAPSD and AABOE, Ms. Blick's employer within the meaning of ELCRA.

138. As a 39-year-old, Caucasian female, Ms. Blick was a member of classes protected pursuant to ELCRA.

139. Ms. Blick was proven and well-qualified for the position of Principal at Lawton as she previously held that position at Lawton since her hire on September 16, 2013.

140. Defendants discriminated against Ms. Blick because of her race by, *inter alia*, treating her differently than similarly situated African American administrators and Principals, and suspended her, as described above.

141. Defendants also, *inter alia*, failed to investigate and/or undertake measures within their control to promptly correct, and/or address the above race discrimination.

142. Defendants discriminated against Ms. Blick because of her race, and subjected Ms. Blick to adverse employment actions, including Defendants suspension of Ms. Blick on April 26, 2019, *inter alia*.

143. Ms. Blick's race was a factor that made a difference in Defendants' decision to subject Ms. Blick to discriminatory treatment and suspension on April

26, 2019, as described herein.

144.   As a direct and proximate result of Defendants' above acts, omissions, conduct and violations of the ELCRA, Ms. Blick sustained injuries and damages, including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

## COUNT VII

## CIVIL CONSPIRACY

145.   Ms. Blick incorporates herein her above allegations.

146.   Defendants illegally, maliciously, and wrongfully conspired and combined with one another with the intent to, and for the illegal purpose of intentionally, *inter alia*, depriving Ms. Blick of his constitutional rights, interests and privileges, as secured by the First, Thirteenth and Fourteenth Amendments to the United States Constitution.

147.   Defendants, in agreement and in combination, conspired to suspend, and place on administrative leave, from her position as Principal of Lawton in

furtherance of their racial animus, and racial discrimination, against Ms. Blick

because she is a Caucasian female, unlawfully depriving Ms. Blick of her rights,

liberties and privileges which are protected by the United States Constitution.

148.   The above conspiracy and combination resulted in the illegal,

unlawful, and/or tortious activity by Defendants, including the suspension of Ms.

Blick, and placing her on administrative leave, from her position as Principal of

Lawton and, *inter alia*, depriving Ms. Blick of her rights, liberties and privileges

which are protected by the United States Constitution.

149.   Defendants, acting in concert and combination, *inter alia*, deprived

Ms. Blick of her rights to freedom of speech, freedom of association, freedom to

petition and due process in violation of the First, Thirteenth and Fourteenth

Amendments of the United States Constitution, as applied to the States and their

political subdivisions under the Fourteenth Amendment to the United States

Constitution and 42 U.S.C. § 1983.

150.   The above actions by Defendants, in conspiracy and combination, also

deprived Ms. Blick of his constitutional rights and privileges under the Equal

Protections Clause of the Fourteenth Amendment by, *inter alia*, acting irrationally,

arbitrarily and with vindictiveness, singling Ms. Blick out for unfair treatment,

acting out of seer malice in their treatment of Ms. Blick, for reasons wholly

unrelated to any legitimate state objective, and in refusing to provide equal

protection of the law to Ms. Blick.

151.   As a direct and proximate result of Defendants' above acts and violations of the United States Constitution, *inter alia*, in conspiracy and combination, Ms. Blick sustained injuries and damages, including, but not limited to: lost wages and income, past and future; lost benefits, past and future; loss of job and career opportunities; loss of earning capacity; extreme emotional distress, humiliation and mortification; psychiatric and physiological injury, and permanent mental disturbance; loss of reputation and esteem in the community, damages to personal reputation, and damage to business reputation; loss of enjoyment of the ordinary pleasures of everyday life; and loss of the ability to pursue employment of choice.

WHEREFORE, Ms. Blick respectfully requests that this Court enter a judgment against Defendants, providing the following relief:

A.   Awarding Ms. Blick her actual, consequential and compensatory damages in excess of $5,000,000, including, without limitation, lost wages, front pay, backpay, lost benefits; emotional distress, mental distress, anguish, and humiliation; and damage to business reputation.

B.   Awarding Ms. Blick punitive damages, attorney fees and costs;

C.   Awarding Ms. Blick punitive damages pursuant to 42 U.S.C. § 1981(b);

D.      Awarding Ms. Blick compensatory damages pursuant to 42 U.S.C. § 1981(b);

E.      Awarding Ms. Blick all damages and relief provided by the ELCRA;

F.      Entering an injunction restoring Ms. Blick to the unfettered position she had with AAPSD and AABOE, and restraining and enjoining Defendants from continuing their conduct and actions in violation of Ms. Blick's rights and the rights of other similarly situated AAPSD and AABOE employees, including restraining and enjoining Defendants from their customs and policies that create and perpetuate the racially disparate work environment at Lawton;

G.      Awarding Ms. Blick any and all damages available federal or state common law, including without limitation, punitive damages, reasonable attorney fees, and any other costs of the action; and

H.      Awarding Ms. Blick pre-judgment and post-judgment statutory interest.

Respectfully Submitted,

TISHKOFF PLC


/s/  William G. Tishkoff
By:  William G. Tishkoff (P45165)
And:  Christopher M. Vukelich (P76420)
And:  Brooke N. Mathis (P82336)
Attorneys for Plaintiff
407 North Main Street
Ann Arbor, MI  48103
(734) 663-4077
July 20, 2019

34

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Shannon M. Blick, through her attorneys, Tishkoff

PLC, and hereby demands a trial by jury of all the triable issues in the above matter.

Respectfully Submitted,

TISHKOFF PLC


/s/  William G. Tishkoff
By:  William G. Tishkoff (P45165)
And:  Christopher M. Vukelich (P76420)
And:  Brooke N. Mathis (P82336)
Attorneys for Plaintiff
407 North Main Street
Ann Arbor, MI  48103
(734) 663-4077
July 20, 2019