UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON M. BLICK,

    *Plaintiff*,

    v.

ANN ARBOR PUBLIC SCHOOL DISTRICT, *et al.*,

    *Defendants*.

_____/

Case No. 2:19-cv-12127

District Judge
Gershwin A. Drain

### ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE TAXED BILL OF COSTS

This matter is before the Court on Plaintiff Shannon M. Blick's ("Plaintiff") Motion seeking to set aside her obligation to pay Defendants' Taxed Bill of Costs. ECF No. 78. Upon review of Plaintiff's submission, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant Motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated herein, Plaintiff's Motion is DENIED.

### I.    BACKGROUND

This is a civil rights and employment discrimination action arising from Plaintiff's employment under the Ann Arbor Public School District and Ann Arbor Board of Education. She alleged in her Amended Complaint that Defendants falsely accused her of committing fraud and misconduct before involuntarily placing her on

1

administrative leave and constructively terminating her. ECF No. 14. On May 26, 2023, this Court granted in part Defendants' Motion for Summary Judgment, denying only the request for attorney's fees. ECF No. 68.

On June 21, 2023, Defendants applied for the Court to tax costs against Plaintiff in the amount of $8,352.37. ECF No. 72. The Clerk subsequently issued a Bill of Costs taxing the full amount requested. ECF No. 73. Plaintiff now asks the Court to set aside the Bill and award no costs to Defendants. ECF No. 78.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 54, costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Reed v. Speck*, 508 F. App'x 415, 424 (6th Cir. 2012) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Among the reasons a court may exercise its discretion to not award costs is the indigency of the losing party. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Nonetheless, indigency alone is not enough to support an automatic denial of taxed costs against the losing party. But such a claim "requires a determination of his or her capacity to pay the costs assessed." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

\*\*\*

2

Plaintiff does not make a strong case that the Bill of Costs should be set aside. To start, her supporting affidavit offers no personal or financial information allowing the Court to determine her capacity to pay. Plaintiff states that she is an elementary school teacher and that she cannot afford to pay the $8,352.37 bill because her salary barely covers "the necessities for my family, including mortgage, food, clothes and other essential expenses." ECF No. 78-1, PageID.3287–88. This paltry representation does not include information regarding Plaintiff's salary, expenses, number of dependents, debt obligations, or other personal obligations that may strain her finances. Further, Plaintiff has not attested to whether she receives financial help from a partner or whether she otherwise enjoys additional sources of income. The above considerations underscore any reasoned assessment on this issue.

Plaintiff relies on several cases standing for the general idea that an award of costs can be reduced based on indigence. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 463 (3rd Cir. 2000); *see Lange v. City of Oconto,* 28 F.4th 825, 845–76 (7th Cir. 2022); *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1247–1248 (9th Cir. 2014). She is correct on the law here, so this proposition is not at issue.

However, the *specific facts* underlying a party's claim for relief determines whether setting aside a bill of costs is warranted. These facts are critical to a meritorious motion. Such is the case when courts grant motions like the one Plaintiff

3

brings here. *See Logan v. MGM Grand Detroit Casino*, No. 16-10585, 2021 U.S. Dist. LEXIS 67061, at *3 (E.D. Mich. Apr. 7, 2021) (setting aside bill of costs where plaintiff lost the litigation but prevailed in the Sixth Circuit on some issues, pursued her claims in good faith, and had been granted leave to proceed *in forma pauperis*); *Golembiewski v. Logie*, No. 3:11 CV 57, 2012 U.S. Dist. LEXIS 47582, at *9 (N.D. Ohio Apr. 4, 2012) (reducing bill of costs after finding that the plaintiff was not "completely destitute" but that her expenses significantly exceeded her income and that her credit was "destroyed"); *Thompson v. Ohio State Univ.*, No. 2:12-cv-1087, 2016 U.S. Dist. LEXIS 54802, at *4–5 (S.D. Ohio Apr. 25, 2016) (setting aside $5,560.15 bill where the plaintiff showed that she is unemployed, has no investments, no properties, $40,000 in debt, no cash, and $1,800 in her bank account).

As for the inverse, courts deny similar motions where the movant fails to provide illuminating financial information. *See Culver v. CCL Label Inc.*, No. 03-2722-STA-tmp, 2012 U.S. Dist. LEXIS 72169, at *13-14 (W.D. Tenn. May 24, 2012) (denying motion to set aside bill of costs because, *inter alia*, the plaintiff "did not provide detailed financial information which would permit the Court to evaluate the extent of her claimed indigency"); *Watkins v. Bailey*, No. 09-2149, 2011 U.S. Dist. LEXIS 73306, at *8 (W.D. Tenn. July 6, 2011) ("Her sworn declaration contains no specific details about her assets, income, expenses, and liabilities.

Therefore, she has not demonstrated that denial of costs to Defendants is appropriate."); *Richins v. Deere & Co.*, 229 F.R.D. 189, 194 (D.N.M. 2004) (affirming $8,000 bill of costs because the plaintiff failed to offer sufficient financial information ("It may well be that the Richins are unable to pay the costs. But given the record before the Court, the Court would be speculating to so find.")).

In sum, the Court is aware that for the average individual, the Bill of Costs imposes a burdensome liability. However, the Court is required to assess *Plaintiff's* ability to pay. *Sales*, 873 F.2d at 120. A bill of $8,352.37 is not so lofty that the Court can automatically find Plaintiff overburdened without some view into her financial situation. Thus, on the mere assertion that the Bill of Costs is too excessive, Plaintiff has failed to show her indigent status and inability to pay.[1]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Bill of Costs (ECF No. 78) is **DENIED**.

**IT IS SO ORDERED**.

---

[1] Plaintiff points out that some courts have granted similar motions after considering how closely contested a case is or whether the parties have disparate financial resources. However, because Plaintiff fails to show her inability to pay, the Court is not compelled to reach these additional analytical steps. Further, as Defendants were awarded a full dismissal at the district and appellate levels, this case was not so close as to warrant a variance from the general practice announced in Rule 54.

Dated: August 19, 2024                                    /s/ Gershwin A. Drain
                                                                                                      GERSHWIN A. DRAIN
                                                                                                      U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 19, 2024, by electronic and/or ordinary mail.
/s/Marlena Williams
Case Manager